AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of      Delaware

UNITED STATES OF AMERICA
V.
Robert Harris
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case    CR 06-81 (GMS)

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- **X** (1) There is probable cause to believe that the defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 USC§841.
  - ☐ under 18 U.S.C. § 924(c).
- **X**☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- (1) There is a serious risk that the defendant will not appear.
- (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by   X clear and convincing evidence   X a preponderance of the evidence: Defendant is charged with possession with intent to distribute cocaine base, possession of a firearm, use or possession of a firearm during the commission of a drug trafficking offense. The court finds that there are no condtions or combination thereof that will reasonably assure defendant's appearance as required and the safety of the community.

1. Although defendant is presently employed and has lived in DE for most of his life and could reside with his mother upon release, defendant's past criminal history warrants detention.
2. He denied any alcohol problems, but was arrested for DUI in July 2004.
3. Defendant was convicted of burglary 3d (reduced from burglary 1st), assault 3d in Sept. 2000, for which he was found VOP in January 2001, March 2001 & May 2003. For his DUI charge in July 2004, he had two FTAs and discharged from probation as unimproved May 2006. Another capias was issued for an FTA for drunk on the highway (charges were later dismissed). Defendant entered a guilty plea for hindering prosecution and he FTA appear for his arraignment on this charge for which a capias wa issued. He was also found VOP in October 2005. Defendant was charged with reckless driving December 2005 for which two FTAs were issued. He was also found VOP on his conviction for driving while suspended. Defendant at the time of his detention hearing had outstanding charges in Superior Court for possession of a narcotic, unauthorized window tinting and other traffic violations from an arrest in March 2006 for which his trial was scheduled for Sept 6 2006 and finally 3 drug related charges including possession with intent to deliver which arose after the arrest for his federal offenses that were also scheduled for trial in Sept 2006. In other words, defendant was charged on three separate occassions in 2006 roughly a month (March, April & May) apart for various drug related offenses. At the time of the federal offenses he was on state release for the first set of drug offenses and after the federal offenses was charged with another set of drug related offenses.

AO 472 (Rev. 3/86) Order of Detention Pending Trial

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| October 26, 2006 | *Signature of Judicial Officer* |
|---|---|
| Date | Mary Pat Thynge, Magistrate Judge |
| | *Name and Title of Judicial Officer* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).