

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

*Nemours Building*
*1007 Orange Street, Suite 700*
*P.O. Box 2046*
*Wilmington, Delaware 19899-2046*

*(302) 573-6277*
*FAX (302) 573-6220*

February 23, 2007

Honorable Gregory M. Sleet
United States District Court
J. Caleb Boggs Federal Building
844 King Street
Wilmington, Delaware 19801

    Re:  **United States v. Robert J. Harris, Jr.**
          **Criminal Action No. 06-81-GMS**

Dear Judge Sleet:

    The Government submits this letter memorandum in anticipation of the suppression hearing scheduled for February 28, 2007.

    The search warrant affidavit of Jeffrey Dunn, a nine year special agent of the DEA, was presented to United States Magistrate Judge Mary Pat Thynge on April 26, 2006. The affidavit reflects the culmination of an 11-month investigation into the drug organization of one Willie Brown, which investigation encompassed confidential informants, police surveillance, and a wire tape order.

    The affidavit named various suspected members of Brown's drug organization. The affidavit was presented in support of search warrants for six different apartments/residences in the Dover area.

    One of the six locations was the apartment of Willie Brown's sister (Brown's sister). When the search warrant was executed at her apartment, on April 27, 2006, at approximately 6 a.m., Willie Brown was not present. However, Brown's sister was in her bedroom with the defendant. During the search of that bedroom, investigators found 3.5 grams of crack cocaine in a pocket of the defendant's pants and a handgun in a clothes hamper. The defendant admitted to police that both the crack cocaine and the handgun were his. Also found in the bedroom was $8,803 cash.

    As to the defendant's motion to suppress, it is the Government's understanding that the defendant does not contest that the affidavit contains probable case that Willie Brown operated a drug organization. The Government's understanding is that the defendant argues only that the affidavit lacks

probable cause as to the apartment of Brown's sister, asserting that the affidavit fails to establish a nexus between Brown's drug activity and his sister's apartment.

The United States submits that SA Dunn's affidavit links Willie Brown's drug activities to his sister's apartment with evidence that Brown reportedly resided with his sister, and with evidence of a telephone conversation between Brown and a female, who used a phone registered in the name and address of Brown's sister.

Paragraph 27 of the affidavit recounts a conversation between State Probation and Parole officers and Brown's mother at her apartment at 775 Bacon Ave., Apartment 8, on April 5, 2006, 21 days before the affidavit was presented to the Magistrate Judge. In that conversation Brown's mother said Willie Brown, her son, lived with his sister Lenita at 787 Bacon Ave, Apt 11. Paragraph 27 of SA Dunn's affidavit reads, in part:

> In my training and experience, I know that drug traffickers conceal currency and records of their activities in their residence. Brown's significant drug dealing activities. . . cause me to believe hat evidence of his criminal activities will be found at [the apartment of Brown's sister].

Paragraph 25 of the affidavit recounts an episode of April 4, 2006, during which Willie Brown was the subject of a traffic stop by the Delaware State Police. During a consent search of Brown's car, the officers seized $56,000 cash. Paragraph 25 reads, in part:

> Following this stop, Brown called 302-465-6584. This phone is subscribed to by Lenita Brown at 787 Bacon Ave. Willie Brown described the traffic stop to the female who answered the phone, and then referring to other drug proceeds, the female stated, "it's already taken care of" which I believe means that she had removed the currency from inside the residence and concealed it elsewhere. Brown then described more money stashed at his mother's house. The female stated that she was going to "go and take care of it."

The United States submits that the affidavit provided reliable information that Brown was residing at his sister's apartment, as Brown's mother provided that information and she resided in a nearby apartment on the same street. Further, the intercepted telephone call represents credible evidence that Brown's sister was assisting Brown in concealing cash drug proceeds.

The Third Circuit's decision in *United States v. Hodge*, 246 F.3d 301 (2001) is dispositive of the defendant's claim. In that case police officers arrested Hodge after he was seen to discard two bags of crack cocaine while fleeing the police. Following the arrest, and based on the affidavit of one of the

arresting police officers, the police obtained a search warrant for Hodge's residence where drugs and a firearm were recovered.

The district court granted Hodge's motion to suppress on the basis that the affidavit failed to establish a nexus between Hodge's drug activity and his home. The Third Circuit reversed finding that the warrant provided a substantial basis for finding probable cause to search Hodge's residence and, alternatively, finding that the officers executed the search in objective good faith reliance on the Magistrate's finding of probable cause. In summary, the Third Circuit ruled that the affidavit established a nexus between Hodge's drug activity and his home, despite a lack of direct evidence that drugs or drug paraphernalia would be located in the house, based on the reasonable inference that a person involved in large scale drug dealing would store evidence of that dealing in his home, particularly when the defendant's home was in the same city in which he operated his drug business.

As the Third Circuit's ruling in *Hodge* succinctly explains it's ruling and cites the supporting case law, the United States quotes *Hodge* at length:

> The Court sits like a district court and must, like the district court, give great deference to the magistrate judge's probable cause determination. *See United States v. Loy*, 191 F.3d 360, 365 (3d Cir. 1999); *Conley*, 4 F.3d at 1205.
>
> A magistrate judge may find probable cause when, viewing the totality of the circumstances, "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). This Court must uphold the finding if the affidavit on which it was based provided a substantial basis for finding probable cause. *See id.* at 236; *Conley*, 4 F.3d at 1205; *Jones*, 994 F.2d at 1054, 1055. The Court need not determine whether probable cause actually existed, but only whether there was "a 'substantial basis' for finding probable cause." *Jones*, 994 F.2d at 1054; *see id.* at 1055, 1057. In making this determination, the Court confirms itself "to the facts that were before the magistrate judge, i.e., the affidavit and [does] not consider information from other portions of the record." *Id.* at 1055. "[T]he resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants." *Id.* at 1057-58 (quoting *United States v. Ventresca*, 380 U.S. 102, 109, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965)).

\* \* \*

> "Direct evidence linking the place to be searched to the crime is not required for the issuance of a search warrant." *Conley*, 4 F.3d at 1207. "Instead, probable cause can be, and often is, inferred by 'considering the type of crime, the nature of the items

sought, the suspect's opportunity for concealment and normal inferences about where a criminal might hide' " the fruits of his crime. *Jones*, 994 F.2d 1051 (quoting United States v. Jackson, 756 F.2d 703, 705 (9th Cir. 1985)). A court "is entitled to draw reasonable inferences about where evidence is likely to be kept, based on the nature of the evidence and the type of offense." *United States v. Whitner*, 219 F.3d 289, 296 (3d Cir. 2000) (quoting *United States v. Caicedo*, 85 F.3d 1184, 1192 (6th Cir. 1996)).

\* \* \*

All these facts combing to suggest that Hodge was an experienced and repeat drug dealer who would need to store evidence of his illicit activities somewhere. *See Whitner*, 219 F.3d at 298.

It is reasonable to infer that a person involved in drug dealing on such a scale would store evidence of that dealing a his home. *See id.* At 297-98 (citing cases from other circuits); *United States v. Feliz*, 182 F.3d 82, 86-88 (1st Cir. 1999) (finding "sufficient showing of probable cause" for search of "long-time, successful, drug trafficker['s] apartment, despite lack of direct evidence linking apartment to trafficking).

\* \* \*

Hodge's home was in the same city where he was to make the anticipated drug delivery, rendering his home a more likely repository of his drug-related paraphernalia.

\* \* \*

Finally, Abraham, an experienced police officer, believed that Hodge's home would likely contain evidence related to Hodge's drug activities. The magistrate judge was entitled to "give considerable weight to the conclusions of [this] experienced law enforcement officer [] regarding where evidence of a crime [was] likely to be found." *Whitner*, 219 F.3d at 296 (quoting *Caicedo*, 85 F.3d at 1192).

\* \* \*

To be sure, "it would have been preferable if [Abraham] could have supplied more information linking [Hodge's home] to the criminal activity" *Whitner*, 219 F.3d at 299; see also *Jones*, 994 F.2d at 1057. Nonetheless, "the fact remains that he did

bring the evidence ... to a magistrate judge, who determined that there was probable cause to issue the warrant[]." *Jones*, 994 F.2d at 1057. "[A] 'grudging or negative attitude by reviewing courts toward warrants' is inconsistent with the Fourth Amendment's strong preference for searches conducted pursuant to a warrant." *Id.* (quoting *Ventresca*, 300 U.S. at 108, 85 S.Ct. 741). This preference for warrants further persuades us to hold that the magistrate judge had a substantial basis for finding probable cause.

### III. Good Faith Exception

Even if a substantial basis for finding probable cause were lacking, however, the evidence obtained through the search would be admissible under the good faith exception to the exclusionary rule. *See United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405 (1984).

* * *

The good faith exception instructs that suppression of evidence "is inappropriate when an officer executes a search in objectively reasonable reliance on a warrant's authority. *Williams*, 3 F.3d at 74. "The test for whether the good faith exception applies is 'whether a reasonably well trained officer would have known that the search was illegal despite the magistrate [judge's] authorization.' " *Loy*, 191 F.3d at 367 (quoting *Leon*, 468 U.S. at 922 n.23, 104 S.Ct. 3405). The mere existence of a warrant typically suffices to prove that an officer conducted a search in good faith and justifies application of the good faith exception. *Leon*, 468 U.S. at 922, 104 S.Ct. 3405; *Williams*, 3 F.3d at 74. Yet there are situations in which an officer's reliance on a warrant would not be reasonable and would trigger the exception. *Leon*, 468 U.S. at 922-23, 104 S.Ct. 3405. Our Court has identified four such situations.

(1) [when] the magistrate [judge] issued the warrant in reliance on a deliberately or recklessly false affidavit;

(2) [when] the magistrate [judge] abandoned his judicial role and failed to perform his neutral and detached function

(3) [when] the warrant was based on an affidavit 'so lacking in indicia or probable cause as to render official belief in its existence entirely unreasonable'; or

(4) [when] the warrant was so facially deficient that it failed to particularize the place to be searched or the tings to be seized.

*Williams*, 3 F.3d at 74 n. 4 (citations omitted).

Honorable Gregory M. Sleet
February 23, 2007
Page 6

Re:  Robert Harris

---

*Hodge* 246 F.3d at 305 - 308.

    In the present case SA Dunn's affidavit provided a substantial basis for finding probable cause. Additionally, SA Dunn's reliance on the warrant was objectively reasonable. The defendant's motion to suppress should be dismissed.

                                      Respectfully submitted,

                                      COLM F. CONNOLLY
                                      United States Attorney

                                      By: _____
                                      Edmond Falgowski
                                      Assistant United States Attorney

pc:   Kevin P. O'Neill, Esquire

EF:slb