Page 2

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

DISTRICT OF DELAWARE   CR 06-81

| United States District Court | XXXXXXXXXXXXXXXXXXXXXXX |
|---|---|
| Name (under which you were convicted): ROBERT HARRIS | XXXXXXXXXXXXX |
| Place of Confinement: U.S.P. CANAAN | Prisoner No.: 05136-015 |

| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) |
|---|---|
| v.     ROBERT HARRIS | FILED |

### MOTION

FILED
SEP 17 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

1. (a) Name and location of court that entered the judgment of conviction you challenging:
   U.S. DISTRICT COURT FOR THE IDSTRICT OF DELAWARE

   (b) Criminal docket or case number (if you know): 06-81-GMS

2. (a) Date of the judgment of conviction (if you know): _____

   (b) Date of sentencing: JUNE 7, 2007

3. Length of sentence: 36 MONTHS

4. Nature of crime (all counts): 18 U.S.C. 922(g) and 924(A)(2)
   FELON IN POSSESSION OF A FIREARM

   _____
   _____
   _____
   _____

5. (a) What was your plea? (Check one)

   (1) Not guilty ☐     (2) Guilty ☒     (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? _____

   _____
   _____
   _____

6. If you went to trial, what kind of trial did you have? (Check one)     Jury ☐     Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ☐    No ☐

8. Did you appeal from the judgment of conviction?    Yes ☐    No ☐

9. If you did appeal, answer the following:

(a) Name of court: _____

(b) Docket or case number (if you know): _____

(c) Result: _____

(d) Date of result (if you know): _____

(e) Citation to the case (if you know): _____

(f) Grounds raised: _____

_____

_____

_____

_____

_____

(g) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☐    No ☐

If "Yes," answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

(5) Grounds raised: _____

_____

_____

_____

_____

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

Yes ☐    No ☒

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: _____

_____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:**  DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

SEE ATTACHED MEMORANDUM

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☐

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐  No ☐

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

**GROUND TWO:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

### (b) Direct Appeal of Ground Two:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☐

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

### (c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☐

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐    No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____
_____
_____
_____

**GROUND THREE:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____
_____
_____
_____
_____
_____
_____
_____
_____

**(b) Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☐

(2) If you did not raise this issue in your direct appeal, explain why: _____  _____

_____
_____

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☐

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____ _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____ _____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____ _____

_____

Docket or case number (if you know): _____ _____ _____

Date of the court's decision: _____ _____ _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: _____

_____

_____

_____

_____

**GROUND FOUR:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

(b) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑ No ❑

    (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑ No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑  No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑  No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑  No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

_____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____ COUNSEL WAS INEFFECTIVE _____

_____

_____

_____

_____

_____

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging?     Yes ☐   No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _____ KEVIN P. O'NEILL, ESQ.

____ 1201 KING ST. WILMINGTON, DE 19801

(b) At arraignment and plea: _____ SAME AS ABOVE

(c) At trial: _____ SAME AS ABOVE

(d) At sentencing: _____ SAME AS ABOVE

(e) On appeal: _____

_____

(f) In any post-conviction proceeding: _____ _____

_____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?    Yes ☐ No ☒  No R.S.H.31.

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ☐ No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ☐    No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you

must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not

bar your motion.*___MOVANT WAS SENTENCED ON JUNE 7, 2007_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.
§ 2255, paragraph 6, provides in part that:
   A one-year period of limitation shall apply to a motion under this section. The limitation period
   shall run from the latest of —
      (1) the date on which the judgment of conviction became final;
      (2) the date on which the impediment to making a motion created by governmental action in
      violation of the Constitution or laws of the United States is removed, if the movant was
      prevented from making such a motion by such governmental action;
      (3) the date on which the right asserted was initially recognized by the Supreme Court, if
      that right has been newly recognized by the Supreme Court and made retroactively
      applicable to cases on collateral review; or
      (4) the date on which the facts supporting the claim or claims presented could have been
      discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: _____
_____SEE ATTACHED MEMORANDUM_____
_____

or any other relief to which movant may be entitled.


_____

Signature of Attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct
and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _Sept. 8,_
_2007_____ (month, date, year).


Executed (signed) on ___9/8/07_____ (date).


_____

Signature of Movant


If the person signing is not movant, state relationship to movant and explain why movant is not
signing this motion. _____
_____
_____

_____

* * * * *

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,
PLAINTIFF

V.

CASE NO.: 06-81-GMS

HONORABLE JUDGE SLEET

ROBERT HARRIS,
DEFENDANT

## MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

Comes Now, the Petitioner, Robert Harris, respectfully requesting this Honorable Court to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 because of the enclosed memorandum in support thereof.

### STATEMENT OF THE CASE

On June 7, 2007 after signing and in agreement with the plea agreement set forth by the United States Attorney("Government"), the petitioner was sentenced to a term of 36 months, followed by a term of 3 years supervised release, in violation of 18 U.S.C. §922(g) and 924(A)(2). A provision in the plea agreement explicitly states that the petitioner, after having pled guilty will not face Indictment No. 0605008850 from the Attorney General's Office for the State of Delaware in the Superior Court for Kent County, Delaware, charging possession with intent to deliver cocaine, maintaining a dwelling for keeping controlled substances and possession of drug paraphernalia, as well as dismiss

Indictment No. 0603016985 in the Superior Court for Kent County, Delaware, charging possession of cocaine and various automobile October 31, 2006 traffic related charges. See Petitioner's Exhibit-1. All the above mentioned charges and Indictment Number(s) were dismiss upon the petitioner signing and agreeing to the plea agreement, to which the petitioner signed and agreed.

At sentencing on June 7, 2007, the petitioner was enhanced under U.S.S.G. §2K2.1(b)(6) because it is alleged that the petitioner used or possessed a firearm in connection with another felony, therefore increasing and enhancing the petitioner's sentence upward four levels.

## ARGUMENT

### I. COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE ERRONEOUS GUIDELINE LEVEL THAT THE COURT PLACED HIM IN.

Petitioner relies on the fact that when the District Court sentenced him on June 7, 2007, the trial Court calculated the petitioner's sentencing range erroneously and placed him four levels higher than the Guideline range call for. See Glover v. United States, 531 U.S. 198, 148 L. Ed. 2d 604, 121 S. Ct. 696 (2001). "In an opinion by Kennedy, J., expressing the unanimous view of the Court, it was held that(1)for purposes of the Strickland v. Washington rule for obtaining relief for an alleged violation of the Sixth Amendment right to effective counsel, a defendant establishes prejudice where it is shown that(a)the trial Court erred in a Guideline determination, and(b)as a result of such error, about which counsel failed to argue, the defendant's

-2-

sentence was increased;...(4)on the assumption that the District Court erred in the Guidelines determination in question, the defendant established prejudice". In United States v. Cronic,466 U.S. 648, 659, 80 L. Ed. 2d 657, 104 S. Ct. 2039(1984), the opinion noted that a complete deprivation can occur even if the attorney is physically present. For example, whenever counsel fails to subject the prosecutors case to meaningful adversarial testing , the process becomes presumptively unreliable. Id. Not requiring the defendant to make a showing of prejudice when the defendant is completely deprived of counsel is a "limited; but important expection" to the standard outlined in Strickland. The Supreme Court reiterated that prejudice may be presumed only in three narrow circumscribed situations. Bell v. Cone, 535 U.S. 685, 122 S. Ct. 1843 at [2002 U.S. LEXIS 4020, at *20, 152 L. Ed. 2d 914-21]. First, a trial is presumptively unfair if the accused is completely denied the presence of counsel at a critical stage of the proceedings. Id.(citing, inter alia, Hamilton V. Alabama, 368 U.S. 52, 54, 7 L.Ed. 2d 114, 82, S. Ct. 157(1961)). Second, such a presumption is warranted if "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing". Id. at 185[2002 U.S. LEXIS 4020 at *21](quoting United States v. Cronic, supra)(emphasis added). Third, prejudice may be presumed in the presence of circumstances under which a competent lawyer would likely not be able to be rendered effective.Id. (citing Powell v. Alabama, 287 U.S. 45, 77 L.Ed. 158, 53 S. Ct. 55 (1932)).

With the case at bar, counsel failed to put the prosecut-

-3-

tions case to meaningful adversarial testing by failing to argue
that the stipulated evidence that the Government dismiss used
against the petitioner to raise his Guideline range by four leve-
ls, thus increasing his sentence. The Government failed to prove
the nexus between the firearm and the drugs. The Third Circuit
has two cases that are the test for 2K2.1(b)(6). They are United
States v. Fenton, 309 f.3d 825 (2002) and United States v. Lloyd,
361 f.3d 197(2004). The offenses of drug distribution and fire-
arms possession have to satisfy the Lloyd standard, the Blockbur-
ger v. United States, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306
(1932) test. Dispensation of a controlled substance is an element
of drug distribution but not firearms possession; possession of a
firearm is an element of firearms possession but not of drug dis-
tribution. The two offenses each have an element not shared by
the other and therefore should be viewed as separate offenses for
purposes of Section 2K2.1(b)(5)(which, under the 2006 U.S.S.G. is
now(6) instead of (5)). There was no relationship in this instant
case between the drugs found in the apartment(small amount) and
the firearm possession was entirely unrelated to the drug offense
. The presence of the firearm was merely "acidental", had no "pu-
rpose or effect with respect to" the drug offense, or did not
"facilitate or have the potential of facilitating" drug dealing.
In fact, the firearm was located in a clothes hamper, while the
small amount of cocaine was located in the small pocket of a pair
of pants in the closet. The Government must show that there is a
sufficient nexus between the firearm and the drugs. United States
v. Blount, 337 f.3d 404(4th Cir. 2003). In United States v. Gomez

-4-

-Arrellano, 5 f.3d 464, 466-67(10th Cir. 1993)("The 'inrelation to' elements is interpreted very expansively. Under §924, this element is satisfied if the Government shows that the weapon facilitates or has the potential to facilitate the drug offense, but is not satisfied if the weapon's possession is coincidental or **entirely unrelated to the offense.** A weapons physical proximity to narcotics may be sufficient to provide the nexus required between the weapon and the drug charges")(emphasis added).

The Supreme Court has said that the gun's relationship to a crime should not be "acidental". See Smith v. United States, 508 U.S. 223, 238, 113 S. Ct. 2050, 2059, 124 L. Ed. 138(1993). The Smith Court said that the point of"inrelation to"was to ensure that the "presence or involvement[of the firearm] cannot be the result of accident or coincidence". Smith, 508 U.S. at 238, 113 S. Ct. at 2059. "The firearm must have some purpose or effect with respect to the drug trafficking crime", or"the gun at least must 'facilitate', or have the potential of facilitating, 'the drug trafficking offense".Id. The Court in the instant case never made a fact finding as to whether the petitioner met these circumstances to find probable cause to enhance his sentence.

In United States v. Cronic, supra, the Court acknowledged that, "of course, the type of breakdown in the adversarial process that implicates the Sixth Amendment is not limited to counsel's performance as a whole--**specific errors and omissions** may be the focus of a claim of ineffective assistance as well". (emphasis added). See also; Strickland, 466 U.S. at 693-696. In Murray v. Carrier, 477 U.S. 478, 496 (1986), the Court reaffirmed

-5-

that the right to effective assistance, "may in a particular ca-
se be violated by even an **isolated error** of counsel if that err-
or is sufficiently egregious and prejudicial".(emphasis added).

Strickland imposed a duty either to conduct a reasonable
investigation or make a reasonable decision that a particular in-
vestigation is unnecessary. Id. A lawyers decision not to invest-
igate must be assessed for reasonableness at the time, and subst-
antial deference afforded counsel's judgements. Id. Failure to
investigate defenses may constitute deficient performance. See
Strickland, 466 U.S. at 691.

In evaluating the prejudice suffered by the petitioner
as a result of counsel's deficient performance, a Court looks at
the cumulative weight of error in order to determine whether pr-
ejudice reaches the Constitutional threshold. "The result of a
[criminal] proceeding can be rendered unreliable, and hence the
proceeding itself unfair, even if the errors of counsel cannot be
shown by a preponderance of the evidence to have determined the
outcome". Strickland, 466 U.S. at 694.

The right to effective assistance of counsel is the
most fundamental of rights because counsel's skill and knowledge
is necessary to accord the petitioner an ample opportunity to
meet the case of the prosecution and this guarantee of effective
assistance of counsel is not valued for its own sake, but because
of the effect it has on the ability of the accused to receive a
fair hearing. See Cronic, supra.

In light of all the circumstances, the indentified
acts and omissions were outside the wide range of professionally

-6-

competent assistance and below the objective standard of reason-
ableness; thus there is a reasonable probability that, but for
counsel's unprofessional errors, the result of the proceedings
would have been different.

**CONCLUSION**

For the reasons stated above, the petitioner asserts
that he has made a substantial showing of why his counsel was in-
effective and therefore requiring the Court to vacate his judgem-
ent and order an evidentiary hearing in regards to the four level
enhancement under U.S.S.G. §2K2.1(b)(6), to determine if the peti-
itioner had a "nexus" inrelation to the possession of the firearm
and the drugs.

Respectfully submitted,

Date: September 8, 2007                    Robert Harris, pro se

Robert Harris
Reg. No. 05136-015
U.S.P. Canaan
P.O. Box 300
Waymart,PA 18472

May 31,7
AT 9:00
AM.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA , )
)
Plaintiff, )
v. ) Criminal Action No. 06-81-GMS
)
ROBERT J, HARRIS, JR., )
)
Defendant. )

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Edmond Falgowski, Assistant United States Attorney for the District of Delaware, with the consent and knowledge of Cohn F. Connolly, United States Attorney for the District of Delaware, and the defendant, Robert J. Harris, Jr., by and through his attorney, Kevin P. O'Neill, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall enter a guilty plea to Count 1 of the Indictment. Count 1 charges Possession of a Firearm by a Felon, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2), carrying the maximum penalty of ten years incarceration, a $250,000 fine, three years supervised release, and a $100 special assessment. The United States will move to dismiss the remaining counts of the Indictment at sentencing.

2. Count 1: The elements of Possession of a Firearm by a Felon are as follows:

a. The defendant possessed a firearm;

b. The defendant's possession was knowing;

c.  At the time of the defendant's possession, the firearm had affected interstate commerce, and;

d.  At the time of the defendant's possession he was a convicted felon.

3.  The United States acknowledges that the defendant enters his guilty plea with the understanding that the Attorney General's Office for the State of Delaware agrees at sentencing to dismiss Indictment No. 0605008850 in the Superior Court for Kent County, Delaware, charging possession with intent to deliver cocaine, maintaining a dwelling for keeping controlled substances, and possession of drug paraphernalia, and to further dismiss Indictment No. 0603016985 in the Superior Court for Kent County, Delaware, charging the defendant with possession of cocaine and various automobile October 31, 2006traffic related charges.

4.  Provided that the United States does not learn after the defendant's entry of a guilty plea of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees to recommend at sentencing a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). If the defendant's offense level is 16 or greater, the United States will move for an additional one point reduction, pursuant to U.S.S.G. § 3E1.1(a) and (b).

5.  The defendant agrees to not contest any state and/or federal administrative forfeiture proceedings regarding a .9mm, semi-automatic pistol, manufactured by Smith and Wesson, serial number TCK2909, seized by DEA agents and Dover Police Department officers on or about April 27, 2006, and to otherwise forfeit to the United States any interest he may have in that firearm.

6.  The defendant understands that at sentencing the District Court must consult the United States Sentencing Guidelines ("U.S.S.G.") and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). The defendant further understands that the Government will

2

ask the Court to calculate the appropriate sentence under the U.S.S.G. and to impose a sentence consistent with the U.S.S.G.

7. It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

COLM F. CONNOLLY
United States Attorney

By:_____

Kevin P. O'Neill, Esquire
Attorney for Defendant

Edmond Falgowski
Assistant United States Attorney

Robert J. Harris, Jr.
Defendant

Dated:

**AND NOW, this _____ day of _____, 2007, the foregoing Memorandum**

**of Plea Agreement is hereby (accepted) (rejected) by this Court.**

Honorable Gregory M. Sleet
United States District Court

3

Robert S. Harris Jr.
05306-015
U.S.P. Canaan.
P.O. Box 300
Waymart, PA 18472

 

U.S. POSTAGE
WAYMART, PA
18472
SEP 14 07
AMOUNT
$0.00
00309712-05



United States District Court
J. Caleb Boggs Federal Building
844 King Street
Wilmington, DE 19801



U.S.M.S.
X-RAY

