IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT HARRIS, | ) | |
| | ) | |
|     Movant/Defendant, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 07-560-GMS |
| | ) | Cr. A. No. 06-81-GMS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Respondent/Plaintiff. | ) | |

**MEMORANDUM OPINION**

_____

Robert Harris. *Pro se* movant.

Edmond Falgowski, Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware. Attorney for respondent.

_____

Oct 13, 2010
Wilmington, Delaware

SLIET, Chief Judge

## I. INTRODUCTION

Movant Robert Harris ("Harris") filed a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, asserting one claim for relief. (D.I. 35.) The Government filed its answer in opposition. (D.I. 42.) For the reasons discussed, the court will deny Harris' § 2255 motion as meritless without holding an evidentiary hearing.

## II. BACKGROUND

In August 2005, the federal grand jury for the District of Delaware returned a three-count indictment charging Harris with possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1); possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); and possession of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). On February 28, 2007, Harris pled guilty to count one of the indictment, possession of a firearm by a felon. Pursuant to the plea agreement, the Government agreed to dismiss the remaining counts of the Indictment. As a further condition of the plea agreement, the Attorney General's Office for the State of Delaware agreed to dismiss two indictments in the Superior Court for Kent County, Delaware, which charged conduct unrelated to the indictment in this case.

A revised pre-sentence report recommended a four point increase in Harris' offense level under U.S.S.G. § 2K2.1(b)(6)[1] for the use of a firearm in connection with another felony offense.

---

[1] According to 18 U.S.C. § 3553(a)(4)(ii), sentencing courts are to use the Sentencing Guidelines that "are in effect on the date the defendant is sentenced." Here, even though Harris' offense of conviction occurred on April 26, 2006, he was sentenced on June 7, 2007. Therefore, contrary to the Government's assertion, the Revised Pre-Sentence Report correctly cited § 2K2.1(6) from the November 1, 2006 version of the Sentencing Guidelines rather than §

1

The Sentencing Guideline range adopted by the revised report was 30 to 36 months of imprisonment. On June 7, 2007, the court applied the four point enhancement and sentenced Harris to 36 months of incarceration. Harris did not file a direct appeal.

## III. EVIDENTIARY HEARING

A district court is not required to hold an evidentiary hearing on a motion filed pursuant to 28 U.S.C. § 2255 if the "motion and the files and records of the case conclusively show" that the petitioner is not entitled to relief. 28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005); Rule 8(a), 28 U.S.C. foll. § 2255. As explained below, the record conclusively demonstrates that Harris is not entitled to relief for the claim asserted in his § 2255 motion. Accordingly, the court concludes that an evidentiary hearing is not warranted.

## IV. DISCUSSION

### A. Harris' Argument

Harris contends that defense counsel rendered ineffective assistance by failing to object to, and argue against, the four-point increase to his offense level. Distilled to its core, Harris' argument is based on his belief that his offense level could not be increased under § 2K2.1(b)(6) because the Government dismissed the drug possession charges, and because the Government failed to prove a sufficient nexus between the gun found in his girlfriend's bedroom and his possession of the crack cocaine. Harris maintains that the firearm possession was merely accidental and coincidental to the drug possession. (D.I. 35, at 16-77.)

---

2K2.1(5) from the November 1, 2005 version of the Guidelines. (Following amendments to § 2K2.1 that became effective November 1, 2006, subdivision (5) was re-designated as subdivision (6). In all other respects, however, subdivisions (5) and (6) are identical.)

2

## B. Standard of Review

Harris has properly raised his ineffective assistance of counsel claim in a § 2255 motion rather than on direct appeal. *See United States v. Garth,* 188 F.3d 99, 107 n.11 (3d Cir. 1999); *United States v. Cocivera,* 104 F.3d 566, 570 (3d Cir. 1996). In order to prevail on this claim, Harris must satisfy the two-pronged standard articulated in *Strickland v. Washington,* 466 U.S. 668 (1984) and *Hill v. Lockhart,* 474 U.S. 52, 58 (1985)(ineffective assistance in the context of a guilty plea). Under the first prong, Harris must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *Strickland,* 466 U.S. at 688. Under the second prong, Harris must demonstrate a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. *Id.* at 694; *United States v. Nahodil,* 36 F.3d 323, 326 (3d Cir. 1994). Although not insurmountable, the *Strickland* standard is highly demanding and leads to a strong presumption that the representation was professionally reasonable. *Strickland,* 466 U.S. at 689.

## C. Counsel's Failure to Object to Four-Point Enhancement

Harris' ineffective assistance argument is unavailing for two reasons. First, his contention regarding counsel's failure to object is factually baseless, because defense counsel did, in fact, object to the four-level enhancement during Harris' sentencing hearing. When the court asked, "Is there any dispute with the four-point enhancement for the specific offense characteristic that the defendant used or possessed a firearm or ammunition in connection with another felony offense?," defense counsel stated, "Yes, we do have an objection to that." (D.I.

41, at 15.) Thereafter, defense counsel articulated Harris' argument regarding the inapplicability of the enhancement.

Second, even if Harris' complaint is that defense counsel performed deficiently by failing to raise the objection to the § 2K2.1(b)(6) enhancement in a formal written motion filed with the court, or by failing to articulate a more detailed argument against the enhancement during sentencing, the claim lacks merit. Section 2K2.1(b)(6) provides for a four-point increase to the Guidelines base offense level if "the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." When determining whether an enhancement is applicable, a court must consider "relevant conduct" which, as described in § 1B1.3.(a)(1)(A) of the Sentencing Guidelines, includes "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant [] that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." A court may consider the conduct charged in dismissed counts as relevant conduct, provided that the Government establishes the conduct by a preponderance of the evidence, and the conduct is related in some way to the offense conduct.[2] *See United States v. Watts*, 519 U.S. 148, 152-3 (1997); *United States v. Baird*, 109 F.3d 856, 864-5 (3d Cir. 1997).

---

[2]The "preponderance of the evidence" standard is still appropriate after *United States v. Booker*, 543 U.S. 220 (2005). *See United States v. Grier*, 475 F.3d 556, 568 (3d Cir. 2007).

4

In this case, the Government summarized the factual statements contained in the revised pre-sentence report during the sentencing hearing, and explained how Harris admittedly participated in a 36 month long conspiracy to purchase between $12,000 and $23,000 of cocaine on a monthly basis, with the last purchase occurring the month just prior to Harris' arrest. The Government also explained how Harris was arrested in his girlfriend's bedroom, and that the police found 3.5 grams of crack cocaine, a .9 mm semi-automatic pistol, and $ 8,803 in the same bedroom. The crack cocaine was found in Harris' pants, which hung next to the bed from a closet door knob, and the semi-automatic pistol was found at the bottom of Harris' bed in a clothes hamper. The Government described how the crack cocaine was in two different pieces in two different bags, and that a single usage of crack cocaine is approximately .1 grams, thereby indicating that the cocaine in Harris' pants constituted 35 separate usages. The Government recited paragraph 58 of the revised pre-sentence report containing Harris' statement that he does not use drugs and never has, and described how the police did not find any paraphernalia for smoking crack cocaine in the bedroom where the gun and crack cocaine were discovered.

The court then asked defense counsel and Harris if they objected to the facts as presented in the revised pre-sentence report and summarized above, and both explicitly answered that they did not have any objections. Defense counsel did, however, argue that the four-point enhancement was inapplicable because Harris "did not plead guilty to anything other than one felony, which is a gun-related felony [] and it is being alleged only that he engaged in other felony conduct." (D.I. 41, at 19.) The court raised the issue of relevant conduct, and defense counsel stated that he was familiar with that concept and he had discussed relevant conduct with Harris. *Id.*

5

Thereafter, the Government re-articulated its position with respect to the four-point enhancement, and the court recited its understanding of the parties' positions as follows:

> in Paragraph 11, the amended paragraph, Mr. Harris indicates that, pertaining to the seized drugs, Mr. Harris refused to comment, stating he did not plead guilty to the drug offense. I think – [defense counsel] will correct me if I am wrong – that is the nub of the objection.
>
> But at least to summarize by the Government, looking at Paragraph 16, the post-arrest statement, we also see the following. Additionally, in a – this is not objected to – "Additionally, in a post-arrest statement, [Harris] reported he had been purchasing cocaine from Willy Brown on an inconsistent basis [] for the last two to three years. [Harris] stated he would usually purchase one-half kilogram of cocaine at a time for $11,000 to $12,000. And[] based on that information, the probation officer believes that the four-level enhancement is appropriate.
>
> I think that is in part, at least, a further basis for the Government's contention here that the four-level enhancement is appropriate.

(D.I. 41, at 30.) The Government summarized its case further, and concluded by stating that "Paragraph 7 of the pre-sentence report sets forth in even greater detail his post-arrest statement." *Id.* at 31. The court responded, stating

> Again, [defense counsel], that paragraph is part of the record and has not been objected to. It elaborates further on Paragraph 16 and makes clear that, in the court's view [], that is circumstantially, your client was involved in drug trafficking. Consequently, the gun having been found in its condition where it was in the room, in the clothes hamper, it was possessed in connection with the commission of the felony.

*Id.* at 32. Defense counsel then reiterated that Harris was not objecting to the factual statements reflected in the revised pre-sentence report, and stated that he had informed Harris that the "circumstantial nature" of relevant conduct was satisfied in this case. *Id.* at 32. After an additional brief discourse, the court stated, "based upon the discussion that has taken place with the court, I am going to overrule the objection [to the four-point enhancement] for reasons already discussed." *Id.* at 34.

It is well-settled that a court may accept any undisputed portion of a pre-sentence report as a finding of fact. Fed. R. Crim. P. 32(i)(3)(A); *United States v. Siegel,* 477 F.3d 87, 93 (3d Cir. 2007)(defendant who fails to object the facts asserted in a pre-sentence report has admitted those facts); *United States v. McDowell,* 888 F.2d 285, 291 n.1 (3d Cir. 1989)("a conclusion in the pre-sentence report which goes unchallenged by the defendant is, of course, a proper basis for sentence determination"). The transcript of Harris' sentencing hearing reveals that the court was aware of, and considered, defense counsel's objection to the characterization of Harris' drug related activity as relevant conduct. However, the transcript also reveals that neither defense counsel nor Harris objected to the factual description of the conduct underlying the dismissed drug charges, nor did they object to the factual description of Harris' arrest and the information regarding the location of the gun and crack cocaine in the bedroom. Throughout the hearing, the court repeatedly mentioned the lack of objections to the factual statements in the revised pre-sentence report, and defense counsel even reiterated that Harris did object to the factual statements. In short, the undisputed facts set forth in the revised pre-sentence report were sufficient to support the court's finding by a preponderance of the evidence that the conduct underlying the dismissed drug charges was relevant conduct for enhancement purposes.

The undisputed facts also provided the court with a sufficient basis to conclude that the four-point enhancement was applicable. For instance, it is well-settled that "the presence of a readily available weapon in a location containing drugs" satisfies the "in connection with" requirement of § 2K2.1(b)(6); there is no need to show that the defendant's gun possession actually caused any particular effect. *Loney,* 219 F.3d at 283, 286, 288-9. In addition, courts ordinarily view large amounts of cash and guns as items associated with the drug trade. *See*

*United States v. Hall*, 46 F.3d 62, 63-4 (11th Cir. 1995). Here, the facts established that Harris contemporaneously possessed the gun, the crack cocaine, and the large amount of cash, and that he was present in the bedroom and in close proximity to all three items in the bedroom. The facts also established Harris' history of drug trafficking. Therefore, the court properly determined that Harris possessed the gun in connection with his drug possession, and properly rejected any contention that Harris' possession of the gun was "accidental" and unrelated to his possession of the drugs.

Having determined that Harris' challenge to the § 2K2.1(b)(6) enhancement lacks merit, the court concludes that counsel's failure to object to the imposition of the enhancement in the manner suggested by Harris was neither professionally unreasonable nor prejudicial to Harris. *See United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999). Accordingly, Harris' allegation of ineffective assistance of counsel does not warrant relief.

## V. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2255 motion must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2008). A certificate of appealability is appropriate only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The court is denying Harris' § 2255 motion as meritless. The court is persuaded that reasonable jurists would not find this assessment debatable. Therefore, the court will not issue a certificate of appealability.

## VI.     CONCLUSION

The court concludes that Harris is not entitled to relief pursuant to 28 U.S.C. § 2255. An appropriate order will issue.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT HARRIS, | ) | |
| | ) | |
| Movant/Defendant, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 07-560-GMS |
| | ) | Cr. A. No. 06-81-GMS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent/Plaintiff. | ) | |

**ORDER**

For the reasons set forth in the Memorandum Opinion issued in this action today, IT IS HEREBY ORDERED that:

1. Movant Robert J. Harris, Jr.'s motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED**. (D.I. 35.)

2. A certificate of appealability will not issue for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

3. The clerk of the court is directed to close the case.

Oct 13, 2010
Wilmington, Delaware

CHIEF, UNITED STATES DISTRICT JUDGE